UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                CRIMINAL ACTION

v.                                                      NO. 13-267

TERRANCE CONERLY                                        SECTION "F"

ORDER AND REASONS

Before the Court is the defendant Terrance Conerly's pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the following reasons, the motion is DENIED.

I.

On July 30, 2014, Terrance Conerly pled guilty to conspiring to distribute and possess with intent to distribute at least 28 grams of crack cocaine and at least 500 grams of powder cocaine. On May 13, 2015, this Court sentenced Conerly to 140 months' imprisonment. Now, Conerly seeks a sentence reduction enabling his early release into home confinement as a result of the COVID-19 pandemic. Because the Government concedes that Conerly has exhausted his administrative remedies, the sole and dispositive issue raised by Conerly's motion is whether "extraordinary and compelling reasons warrant [Conerly's proposed sentence reduction]," "after considering the factors set forth in section

1

3553(a) to the extent they are applicable." See 18 U.S.C. § 3582(c)(1)(A)(i).

## II.

Conerly's proposed sentence reduction is not warranted by extraordinary and compelling reasons.

### A.

Aside from generalized concerns about contracting COVID-19,[1] Conerly cites only his hypertension and obesity as factors making him particularly susceptible to the virus. See Mot. at 1. Importantly, he admits that he has already tested positive for the virus. Id.

As another section of this court has noted, "courts have found that hypertension does not amount to an extraordinary or compelling reason for release." United States v. Chambers, 2020 WL 4260445, at *4 (E.D. La. July 24, 2020) (collecting cases). The same goes for obesity, which, while generally understood to heighten an individual's susceptibility to COVID-19, does not place an individual's life or limb at a sufficiently severe risk to be

---

[1] As courts have repeatedly held, generalized concerns about the spread of COVID-19 do not justify compassionate release. See, e.g., United States v. Williams, 2020 WL 5311383, at *1 (E.D. La. Sept. 4, 2020).

deemed "extraordinary and compelling" under the delicate balancing test imposed by § 3582(c)(1)(A)(i).[2]

### B.

An equally important consideration under that test is the health and safety of the law-abiding public in general society. On this factor, while Conerly is surely to be commended for the rehabilitative strides he has taken while in prison (See Mot. at 2-3), the nature and magnitude of his crimes must remain top of mind.

Conerly pled guilty to running an *astounding* quantity of dangerous drugs – sometimes, across state lines.  He dealt 123 grams of crack to an informant in Louisiana.  He was apprehended with 498 grams of cocaine in Texas.  And he was well connected in an illicit operation that profited from the destructive distribution of crack and powder cocaine.

\* \* \*

Collectively, the facts before the Court do not suggest that COVID-19 poses a greater threat to Conerly than Conerly poses to society.  Thus, the Court finds no "extraordinary and compelling reasons" for granting Conerly's proposed sentence reduction.

---

[2]   In Conerly's particular case, the fact that Conerly has already contracted the virus – and presumably developed some degree of immunity to it – dispels (or at least reduces) the ongoing medical risk Conerly faces as a result of COVID-19's spread within his facility.

Accordingly, IT IS ORDERED: that the defendant's motion is DENIED without prejudice to the defendant's ability to re-file as changing circumstances may warrant.

New Orleans, Louisiana, October 30, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE